| | |
|---|---|
| DISTRICT COURT<br>8TH JUDICIAL DISTRICT<br>LARIMER COUNTY<br>201 La Porte Avenue, Suite 100<br>Fort Collins CO 80521 | DATE FILED: October 22, 2020 7:00 PM<br>FILING ID: 13DCF33D1ABFB<br>CASE NUMBER: 2020CV30728<br><br>▲COURT USE ONLY▲ |
| ROBERT SCOTT MOTHERSHED,<br><br>Plaintiff,<br><br>v.<br><br>NITROCRETE, LLC,<br><br>Defendant. | Case No. 2020 CV _____<br><br>Courtroom ____ |
| Attorneys for the Plaintiff:<br>GUARDI LLP<br>NOEL GUARDI, #9001<br>2400 Jasper Ct.<br>Boulder, CO 80304<br>720-891-1818 Tel.<br>guardillp@icloud.com | |
| **COMPLAINT** | |

Robert Scott Mothershed (the "Plaintiff"), as his Complaint against Nitrocrete LLC, a Colorado limited liability company (the "Defendant"), states as follows:

**JURISDICTION AND VENUE**

1. This Complaint sets forth three causes of action seeking civil remedies under Section 16(b) of the Fair Labor Standards Act (the "FLSA"), 19 U.S.C. § 216(b), Section 355 of the Arizona Wage Act, A.R.S. § 23-355, and Section 364(H) of the Arizona Minimum Wage Act,

A.R.S. § 23-364(G).  This Court has jurisdiction under Section 16(b) of the FLSA and Colorado's long-arm statute § 13-1-124 C.R.S.

2. The causes of action governed by Arizona law arise from the fact that the Plaintiff performed services for the Defendant within Arizona.  The Defendant in Colorado withheld Arizona payroll taxes from Plaintiff's bi-weekly pay and has confirmed that it does not consider Plaintiff to be a Colorado employee subject to the Colorado Wage Act.

### THE PARTIES

3. Defendant is engaged in the concrete cooling business and transacts business in Colorado and in interstate commerce.  Defendant has its principal place of business at 4862 Technology Drive, Ft. Collins, Colorado 80525.  Venue is proper in Larimer County, Colorado.

4. The Plaintiff was an employee of Defendant from February 1, 2020, until he was discharged without cause on August 28, 2020 (the "Termination Date") who worked remotely from his residence in Arizona with the knowledge and consent of Defendant.

5. Defendant failed and refused to pay wages that were due and payable to the Plaintiff from and after the Termination Date in violation of A.R.S. § 23-353 (A) requiring prompt payment of wages upon discharge of an employee.

### THE EMPLOYMENT AGREEMENT

6. Defendant extended an offer of full-time employment as Vice President - Sales in the form of an undated letter to the Plaintiff.  Plaintiff agreed to and accepted the offer of employment.  The offer letter is hereinafter referred to as the "Employment Agreement."

7. The Employment Agreement states the first date of employment was February 1, 2020.

8. Under the Employment Agreement, the Plaintiff's bi-weekly pay was $9,615.38 or $250,000.00 annually, a combination of $5,679.23 bi-weekly base pay and $3,936.15 as a biweekly draw against sales commissions (the "Commissions").

9. Under the Employment Agreement, the Plaintiff was to be paid Commissions of $.005 per gallon of concrete coolant for all gallons sold fleet-wide up to the prior year's volume (or old gallons), and then $.01 per gallon thereafter on new gallons sold fleet wide.  The Employment Agreement provides that Commissions be paid to the Plaintiff monthly on the first Friday of every month after the customer payment is received.

10. The Plaintiff caused several customers to enter into long-term purchase agreements under which they were also afforded extended payment terms by the Defendant.  As a result, Defendant will continue in the future to receive payments from customers for sales made

fleet wide by the Plaintiff prior to the Termination Date.  The ultimate total of Commissions due and payable to the Plaintiff cannot be definitively calculated until after each year-end throughout the entire duration of the relationship with such customers.

11.     Under the Employment Agreement, Plaintiff was also entitled to ‚paid time off accrued at the rate of 4.615 hours per pay period.

### DEFENDANT COMMITS WAGE THEFT

12.     Minimum wages, salary, commissions and paid time off constitute wages within the meaning of Arizona Revised Statutes § 23-350.

13.     From and after the Termination Date, the Defendant failed to pay the Plaintiff:

   (a)     the Arizona minimum wage of $11.00 per hour for the biweekly pay period ending on the Termination date;

   (b)     salary for the weekly pay bi-weekly period ending February 14, 2020 and the biweekly pay period ending on the Termination Date;

   (c)     Commissions; and,

   (d)     paid time off.

14.     On the Termination Date Defendant demanded that the Plaintiff sign a Separation Agreement and General Release in which he would waive Defendant's liability in an apparent effort to coerce the Plaintiff from asserting his lawful right to wages.  The Plaintiff refused to sign it.

15.     The wage theft by Defendant was willful.  Defendant knew or should have known, and recklessly disregarded its statutory obligations to maintain accurate payroll books and records, to pay wages to the Plaintiff, and to have written authorization and a reasonable basis to withhold wages.

16.     Defendant, in complete and utter disregard for its responsibilities and the rights of the Plaintiff as an employee, unreasonably failed to pay wages without a good faith dispute as to some or all of said unpaid wages and without his written authorization to make a deduction.

17.     Defendant tried to hide its unlawful conduct behind a bogus dispute based on arbitrary assumptions, false factual contentions unsupported by records, and other inaccurate data resulting from the negligent manner in which Defendant keeps its payroll books and records.

18.     The parties are subject to the terms of Defendant's Employee Handbook.  Section 4.10 of the Plaintiff Handbook requires the Plaintiff to make a written complaint and the Defendant to make an immediate and thorough investigation.

19.     Plaintiff made his written complaint regarding failure to pay wages on  dated September 6, 2020 (the Complaint).

20.     Defendant responded by letter dated September 21, 2020 (the "Response"), in which it denies owing any minimum wage, salary, Commissions and paid time off.  Specifically, the Defendant, in the Response:

(a)     unreasonably disagreed that it owed a minimum wage for the pay period ending on the Termination Date.

(b)     contended the Plaintiff took more time off than he was allowed and did not work the entire pay period ending February 14, 2020; and,

(c)     contended the Plaintiff was paid more Commissions than he earned, notwithstanding the fact that the appropriate commission rate to be applied in 2020 cannot be definitively determined until the number of gallons sold in 2020 is accounted for after year-end, and therefore the ultimate total Commissions due the Plaintiff cannot be definitively calculated until after year-end.

21.     The Defendant failed to provide records substantiating the Response (other than a self-serving sales report covering only a portion of sales) despite a written request from the Plaintiff dated September 25, 2020.  Defendant cut off access by the Plaintiff to his payroll records, monthly commission statements, electronic communications and other information on the Termination Date so that certain information pertinent to the resolution of this dispute is in the sole and exclusive possession and control of Defendant.

22.     This dispute was in whole or part crated by the careless and cavalier manner in which the Defendant handled its bookkeeping and wage records, and the investigation of the Complaint.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF § 16(B) OF THE FAIR LABOR STANDARDS ACT
### (29 U. S. C. §216(B))

23.     Paragraphs 1 through 22 are incorporated by reference herein.

24.     Defendant is liable to the Plaintiff for wages plus statutory liquidated damages of one time the amount of unpaid wages, attorney's fees and court costs.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF ARIZONA WAGE ACT
## (ARIZONA REVISED STATUTES § 23-355)

25.   Paragraphs 1 through 22 are incorporated by reference herein.

26.   Defendant is liable to the Plaintiff for an amount that is treble the amount of the unpaid wages pursuant to A.R.S. § 23-355 plus attorney fees, pre-judgment and post-judgement interest, and costs.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF ARIZONA MINIMUM WAGE ACT
## (ARIZONA REVISED STATUTES § 23-364(G))

27.   Paragraphs 1 through 22 are incorporated by reference herein.

28.   Defendant is liable to the Plaintiff for the balance of the wages and earned paid sick time owed, including interest thereon, and an additional amount equal to twice the underpaid wages or eased paid sick time pursuant to A.R.S. 23-364(G) plus attorney fees, pre-judgment and post-judgement interest, and costs.

## PRAYER FOR JUDGMENT

The Plaintiff prays for judgment against the Defendant for such legal and equitable relief as the law provides.

## JURY DEMAND

The Plaintiff demands trial by jury.

October 9, 2020

                                                   s/ Noel E. Guardi
                                                   Noel Guardi
                                                   Attorney for the Plaintiff