| | |
|---|---|
| DISTRICT COURT<br>8TH JUDICIAL DISTRICT<br>LARIMER COUNTY<br>201 La Porte Avenue, Suite 100<br>Fort Collins CO 80521 | DATE FILED: October 26, 2020 3:34 PM<br>FILING ID: 4E29A5E5F12CE<br>CASE NUMBER: 2020CV30728 |
| | ▲COURT USE ONLY▲ |
| ROBERT SCOTT MOTHERSHED,<br><br>Plaintiff,<br><br>v.<br><br>NITROCRETE, LLC,<br><br>Defendant. | Case No. 2020 CV 030728<br><br>Division 4B |
| Attorneys for the Plaintiff:<br>GUARDI LLP<br>NOEL GUARDI, #9001<br>2400 Jasper Ct.<br>Boulder, CO 80304<br>720-891-1818 Tel.<br>guardillp@icloud.com | |
| **AMENDED COMPLAINT** | |

Robert Scott Mothershed (the "Plaintiff"), as his Complaint against Nitrocrete LLC, a Colorado limited liability company (the "Defendant"), states as follows:

**JURISDICTION AND VENUE**

1. This Complaint sets forth four causes of action seeking civil remedies under Section 16(b) of the Fair Labor Standards Act (the "FLSA"), 19 U.S.C. § 216(b), Section 355 of the Arizona Wage Act, A.R.S. § 23-355, Section 364(H) of the Arizona Minimum Wage Act,

A.R.S. § 23-364(G), and for breach of contract.  This Court has jurisdiction under Section 16(b) of the FLSA and Colorado's long-arm statute § 13-1-124 C.R.S.

2.\qquad The causes of action governed by Arizona law arise from the fact that the Plaintiff performed services for the Defendant within Arizona.  The Defendant in Colorado withheld Arizona payroll taxes from Plaintiff's bi-weekly pay and has confirmed that it does not consider Plaintiff to be a Colorado employee subject to the Colorado Wage Act.

## THE PARTIES

3.\qquad Defendant is engaged in the concrete cooling business and transacts business in Colorado and in interstate commerce.  Defendant has its principal place of business at 4862 Technology Drive, Ft. Collins, Colorado 80525.  Venue is proper in Larimer County, Colorado.

4.\qquad The Plaintiff was an employee of Defendant from February 1, 2020, until he was discharged without cause on August 28, 2020 (the "Termination Date"), who worked remotely from his residence in Arizona with the knowledge and consent of Defendant.

5.\qquad Defendant failed and refused to pay wages that were due and payable to the Plaintiff from and after the Termination Date in violation of A.R.S. § 23-353 (A) requiring prompt payment of wages upon discharge of an employee and breached its contract with the Plaintiff.

## THE EMPLOYMENT AGREEMENT

6.\qquad Defendant extended an offer of full-time employment as Vice President - Sales in the form of an undated letter to the Plaintiff.  Plaintiff agreed to and accepted the offer of employment.  The offer letter is hereinafter referred to as the "Employment Agreement."

7.\qquad The Employment Agreement states the first date of employment was February 1, 2020.

8.\qquad Under the Employment Agreement, the Plaintiff's bi-weekly pay was $9,615.38 or $250,000 annually, a combination of $5,679.23 bi-weekly base pay and $3,936.15 as a biweekly draw against sales commissions (the "Commissions").

9.\qquad Under the Employment Agreement, the Plaintiff was to be paid Commissions of $.005 per gallon of concrete coolant for all gallons sold fleet-wide up to the prior year's volume (or old gallons), and then $.01 per gallon thereafter on new gallons sold fleet wide.  The Employment Agreement provides that Commissions be paid to the Plaintiff monthly on the first Friday of every month after the customer payment is received.  This date does not coincide with the Company's regular payroll.

10. The Plaintiff caused several customers to enter into long-term purchase agreements under which they were also afforded extended payment terms by the Defendant. As a result, Defendant will continue in the future to receive payments from customers for sales made fleet wide by the Plaintiff prior to the Termination Date. The ultimate total of Commissions due and payable to the Plaintiff cannot be definitively calculated until after each year-end throughout the entire duration of the contractual relationship with such customers.

11. Under the Employment Agreement, Plaintiff was also entitled to paid time off accrued at the rate of 4.615 hours per pay period.

## DEFENDANT COMMITS WAGE THEFT

12. Minimum wages of $12.00 per hour, salary, commissions and paid time off constitute wages within the meaning of Arizona Revised Statutes § 23-350.

13. From and after the Termination Date, the Defendant failed to pay the Plaintiff:

  (a) salary for the weekly pay bi-weekly period ending August 22, 2020 and September 5, 2020.

  (b) Commissions in an amount to be determined at trial;

  (c) paid time off in the approximate amount of $5,824.

14. On two occasions, Defendant demanded that the Plaintiff sign a Separation Agreement and General Release in which he would waive Defendant's liability in an apparent effort to intimidate the Plaintiff from asserting his lawful right to wages. The Plaintiff refused to sign them.

15. The wage theft by Defendant was willful. Defendant knew or should have known, and recklessly disregarded its statutory obligations to maintain accurate payroll books and records, to pay wages to the Plaintiff, to have written authorization and a reasonable basis to withhold wages and its contractual obligations to pay or account for Commissions on a monthly basis on the first Friday of each month.

16. Defendant, in complete and utter disregard for its responsibilities and the rights of the Plaintiff as an employee, unreasonably failed to pay wages without a good faith dispute as to some or all of said unpaid wages and without his written authorization to make a deduction.

17. Defendant tried to hide its unlawful conduct behind a bogus dispute based on arbitrary assumptions, false factual contentions unsupported by records, and other inaccurate data resulting from the negligent manner in which Defendant keeps its payroll books and records.

18.     The parties are subject to the terms of Defendant's Employee Handbook.  Section 4.10 of the Plaintiff Handbook requires the Plaintiff to make a written complaint and the Defendant to make an immediate and thorough investigation.

19.     Plaintiff made his written complaint regarding failure to pay wages dated September 6, 2020, September 25, 2020 and October 9, 2020 (the letters are referred to as the Complaint).

20.     Defendant responded by letters dated September 21, 2020 and October 9, 2020 (the "Response"), in which it denies owing any minimum wage, salary, Commissions and paid time off.  Specifically, the Defendant, in the Response:

(a)     unreasonably disagreed that it owed a minimum wage for the pay period ending on the Termination Date.

(b)     contended the Plaintiff took more time off than he was allowed; and,

(c)     contended the Plaintiff was paid more Commissions than he earned, notwithstanding the fact that the appropriate commission rate to be applied in 2020 cannot be definitively determined until the number of gallons sold in 2020 is accounted for after year-end, and therefore the ultimate total Commissions due the Plaintiff cannot be definitively calculated until after year-end.

21.     This dispute was in whole or part crated by the careless and cavalier manner in which the Defendant handled its bookkeeping, wage records, and the investigation of the Complaint.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF § 16(B) OF THE FAIR LABOR STANDARDS ACT
### (29 U. S. C. §216(B))

22.     Paragraphs 1 through 21 are incorporated by reference herein.

23.     Defendant is liable to the Plaintiff for wages plus statutory liquidated damages of one time the amount of unpaid wages, attorney's fees and court costs.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF ARIZONA WAGE ACT
### (ARIZONA REVISED STATUTES § 23-355)

24.     Paragraphs 1 through 21 are incorporated by reference herein.

25.     Defendant is liable to the Plaintiff for an amount that is treble the amount of the unpaid wages pursuant to A.R.S. § 23-355 plus attorney fees, pre-judgment and post-judgement interest, and costs.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF ARIZONA MINIMUM WAGE ACT
### (ARIZONA REVISED STATUTES § 23-364(G))

26.     Paragraphs 1 through 21 are incorporated by reference herein.

27.     Defendant is liable to the Plaintiff for the balance of the wages and earned paid sick time owed, including interest thereon, and an additional amount equal to twice the underpaid wages or eased paid sick time pursuant to A.R.S. 23-364(G) plus attorney fees, pre-judgment and post-judgement interest, and costs.

### FOURTH CLAIM FOR RELIEF
### BREACH OF CONTRACT

28.     Paragraphs 1 through 21 are incorporated by reference herein.

29.     Defendant breached the Employment Agreement.

30.     The Plaintiff incurred damages as a result of the breach of contract by the Defendant .

### PRAYER FOR JUDGMENT

The Plaintiff prays for judgment against the Defendant for such legal and equitable relief as the law provides.

### JURY DEMAND

The Plaintiff demands trial by jury.


October 26, 2020

                                                           s/ Noel E. Guardi
                                                         Noel Guardi
                                                         Attorney for the Plaintiff